UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARENA J. GERDE,

                        Plaintiff,

     v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                        Defendant.

CASE NO. C14-5679-MAT

ORDER RE: MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES

## INTRODUCTION

Plaintiff filed a motion for attorney fees, expenses, and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 27. She seeks $13,746.54 in attorney fees, $31.82 in expenses, and $238.40 in costs. The Commissioner contends that Plaintiff's motion should be denied because the Social Security Administration's position was substantially justified. The Court, for the reasons set forth below, DENIES IN PART Plaintiff's motion as to fees and expenses, but GRANTS IN PART the motion as to costs, per the Ninth Circuit's order.

//

//

//

ORDER
PAGE - 1

DISCUSSION

Under EAJA, a court[1] awards fees and expenses to a prevailing party in a suit against the government unless it concludes that the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Having secured a remand of this matter via the Ninth Circuit, Plaintiff is unquestionably the prevailing party. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Nor are there any special circumstances that would make an award unjust.

The Commissioner argues Plaintiff is not entitled to attorney fees because the ALJ's decision and the Social Security Administration's position in opposing the remand were both substantially justified, as demonstrated by the undersigned's order affirming the Commissioner's final decision, which was subsequently reversed and remanded by the Ninth Circuit. *See* Dkt. 16, 20, 28.

The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoted sources and internal quotations omitted). While the government's position need not be correct, it must have "'reasonable basis in law and fact.'" *Id*. (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). "'The government bears the burden of demonstrating substantial justification.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech*

---

[1] Plaintiff could have also filed this motion in the Ninth Circuit, because that court may "hear requests for EAJA fees and expenses in the first instance." *Orn v. Astrue*, 511 F.3d 1217, 1217-20 (9th Cir. 2008) ("The most obvious reading of EAJA is that a court of appeals may make an award of attorney's fees and costs."; finding that reading of EAJA consistent with Ninth Circuit Rules (citing 9th Cir. R. 39-1.6, 39-1.8, and 39-1.9)).

ORDER
PAGE - 2

*Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)).

In considering substantial justification, the Court first considers the underlying agency action, meaning the decision of the ALJ, and then considers the government's litigation position. *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). A "'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified.'" *Id.* (quoting *Thangaraja*, 428 F.3d at 874). Indeed, only in a "'decidedly unusual case'" will there be "substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja*, 428 F.3d at 874 (quoted case omitted).

In this case, Plaintiff raised a number of challenges to the ALJ's decision, specifically with respect to the ALJ's assessment of certain medical opinions, her own subjective testimony, and lay statements. *See* Dkt. 11. The undersigned affirmed the ALJ's decision. Dkt. 16. Plaintiff appealed to the Ninth Circuit, challenging the same evidence there that she had challenged before the undersigned. The Ninth Circuit found error in the ALJ's decision with respect to the opinion of examining psychologist Scott Alvord, Psy.D., which also led to error in the ALJ's assessment of lay witness statements. Dkt. 20. The Ninth Circuit affirmed the ALJ's decision in all other respects. *Id.*

Although the Ninth Circuit found that the ALJ erred in assessing Dr. Alvord's opinion, and thereby erred in assessing lay evidence, these findings of error do not establish that either the ALJ's decision or the Commissioner's litigation position was not reasonable. *See Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013) ("[T]his circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees."). Indeed, an examination of the Ninth Circuit's disposition of this case

ORDER
PAGE - 3

leads the undersigned to conclude that the ALJ's decision nonetheless had a reasonable basis in fact in law, and that the Commissioner was reasonable in defending the decision in litigation.

The ALJ discounted Dr. Alvord's opinion because he did not opine as to Plaintiff's functional limitations, but conclusorily stated that she was unable to work, which pertains to an issue reserved to the Commissioner. (Administrative Record (AR) 25.) The ALJ also noted that Dr. Alvord's notes and examination findings indicate that Plaintiff can perform simple tasks, which he found contrary to Dr. Alvord's conclusion that she could not work. (*Id*.) The ALJ also found that Dr. Alvord's opinion describing Plaintiff's cognitive limitations as moderate to severe was inconsistent with treatment notes from treating physicians, namely Plaintiff's primary care physician and emergency department physicians. (*Id*.) Lastly, the ALJ found that Dr. Alvord's Global Assessment of Functioning (GAF) score was entirely unexplained. (*Id*.)

The Ninth Circuit found that the ALJ erred in discounting Dr. Alvord's opinion, emphasizing that his opinion was "not contradicted by any other mental health professionals who treated, evaluated, or examined [Plaintiff] for mental limitations." Dkt. 20 at 4. But Plaintiff did not apparently receive any mental health treatment or other evaluations or examinations, and Dr. Alvord's unique role in Plaintiff's medical record does not necessarily imbue his opinion with more probative value or suggest that it cannot be discounted for specific, legitimate reasons. The ALJ reasonably considered whether Dr. Alvord's opinion was consistent with the remainder of the record, citing the treatment notes of Plaintiff's primary care physician, to whom Plaintiff reported memory problems, and noted that this doctor described Plaintiff's immediate recall of memory to be "good." (*See* AR 340.) The ALJ also cited emergency department notes, which explicitly indicated no cognitive dysfunction. (AR 244, 251, 354, 364, 382, 389.) Because primary care physicians are qualified to treat and/or opine as to a claimant's mental limitations, the ALJ's

ORDER
PAGE - 4

decision and the Commissioner's defense thereof were reasonable and therefore substantially justified. *See, e.g.*, *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (noting that primary care physicians treat the majority of Americans' psychiatric disorders, and thus are qualified to opine as to the claimant's mental state).

Furthermore, although the Ninth Circuit found that Dr. Alvord had, contrary to the ALJ's decision, "provided a narrative of his findings to support his ultimate opinion that, due to her mental limitations, [Plaintiff] could not function in an occupational setting[,]" it was reasonable for the ALJ and the Commissioner to focus on the fact that Dr. Alvord's opinion, although written in "narrative" format, does not discuss or identify any particular functional limitations. The lack of specificity as to functional limitations is a legitimate reason to discount a medical opinion. *See, e.g.*, *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (affirming an ALJ's discounting of a medical opinion because the doctor's "reports do not show how [plaintiff's] symptoms translate into specific functional deficits which preclude work activity"). Dr. Alvord's opinion does include a narrative section entitled "Diagnostic Impressions," but this section does not mention any particular functional limitations beyond a global memory impairment. (AR 265.) Without a description of Plaintiff's specific functional limitations, Dr. Alvord's opinion does not assist the ALJ in assessing Plaintiff's residual functional capacity on a function-by-function basis, and it was reasonable for the ALJ to discount the opinion on that basis and for the Commissioner to defend the ALJ's reasoning.

As discussed above, the ALJ also provided other reasons not addressed by the Ninth Circuit for discounting Dr. Alvord's opinion: the ALJ reasonably found that Dr. Alvord's conclusion was contradicted by his notes indicating that Plaintiff can perform simple tasks, and that Dr. Alvord's GAF score was unexplained. Because the scope of the Ninth Circuit's opinion permits the

undersigned to find that the ALJ's decision and the Commissioner's defense thereof was nonetheless reasonable, even though the Ninth Circuit found error in the ALJ's decision, both the ALJ's decision and the Commissioner's litigation position were "justified to the degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565; *see also Burke v. Berryhill*, 714 Fed. Appx. 753, 753 (9th Cir. Mar. 7, 2018) ("The district court . . . properly focused on the nature and scope of our remand to determine whether both the government's litigation position and the ALJ's position had a reasonable basis in fact and law.").

## CONCLUSION

Plaintiff's motion (Dkt. 27) is DENIED IN PART. The Court DENIES Plaintiff's request for fees and expenses, but GRANTS the motion with respect to the cost request, because the Ninth Circuit indicated that Plaintiff was entitled to costs. Dkt. 20 at 7. Costs in the amount of $238.40 are hereby awarded to Plaintiff. The check shall be made payable to Plaintiff's counsel, Eitan Kassel Yanich, at Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

DATED this 14th day of May, 2018.

Mary Alice Theiler
United States Magistrate Judge