UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KARENA J. GERDE,<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. 3:14-CV-05679-MAT<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff motion for attorney's fees (Dkt. 40) (Motion) filed pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner opposes the Motion (Dkt. 42). Having reviewed and considered the parties' briefs, and for the reasons set forth below, Plaintiff's Motion is GRANTED.

**DISCUSSION**

Under EAJA, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not oppose the amount of fees sought but opposes an award of fees based on the delay in seeking fees, which the Commissioner argues is unjustified and likely prejudiced Plaintiff. Dkt. 42, at 1.

ORDER
PAGE - 1

As the Commissioner notes, the Ninth Circuit has yet to address the issue of timeliness for fee requests under Section 406(b). Dkt. 42, at 2–3. Therefore, the Court considers whether the delay was reasonable. The Court finds that the particular circumstances of this case justify Plaintiff's delay in bringing the instant Motion. Plaintiff's counsel declares that the delay was caused by his attempts to obtain verification of the garnishment that occurred in this case. Dkt. 44, at 2. Plaintiff's counsel further declares that the Motion was also delayed by counsel's attempts to verify the amount of administrative fees awarded, which attempts were delayed due to the pandemic and illnesses in his office. Dkt. 44, at 2. Therefore, the Court finds that exigent circumstances substantially justified Plaintiff's delay in bringing the Motion.

The Court further finds that Plaintiff is not likely to be prejudiced by the delay. Plaintiff signed a retainer agreement, which provided her with notice that fees would be charged. Dkt. 40, Ex. 3, at 7–8 (Federal Court Retainer Agreement). Further, Plaintiff expressly authorized the award of attorney fees. Dkt. 40, Ex. 3, at 3–4 (Declaration of Karena J. Gerde); Dkt. 26. Finally, the instant Motion is Plaintiff second motion for attorney fees in this case (*see* Dkt. 27), and Plaintiff's counsel was previously awarded attorney fees in this matter (Dkt. 39), which show that Plaintiff was reasonably aware of the award of attorney fees and that Plaintiff would not, therefore, be prejudiced by the delay.

For these reasons, the Court finds that the delay in bringing the Motion was substantially justified and would not prejudice the Plaintiff's interests.

## **CONCLUSION**

The Court GRANTS Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. 40). Attorney fees of $14,617.50 under EAJA are awarded to Plaintiff's attorney from Plaintiff's past-due benefits less an administrative assessment pursuant to 42 U.S.C. § 406(d). Any

past-due benefits withheld by the Commissioner in excess of $14,617.50 may be released to Plaintiff. The Commissioner may make any payment of withheld past-due benefits to the address of Plaintiff's attorney that is registered with the Social Security Administration.[1]

DATED this 25th day of February, 2022.

MARY ALICE THEILER
United States Magistrate Judge

---

[1] The Commissioner alternatively requested additional language be added to the Order. Dkt. 42, at 4–5. Plaintiff did not object to this additional language. Dkt. 43, at 3–4. Accordingly, the additional language requested by the Commissioner is reflected in the Order.

ORDER
PAGE - 3